UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

ELIZABETH SPARKMAN,

    Plaintiff,

v.

SOUTHERN CORRECTIONAL MEDICINE, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR A JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, ELIZABETH SPARKMAN ("Ms. Sparkman" or "Plaintiff") files this Complaint against Defendant, SOUTHERN CORRECTIONAL MEDICINE, LLC, ("SCM" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION, VENUE AND PARTIES**

2. This Court has original jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental

jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Baker County, Florida, and Flagler County, Florida, and this venue is therefore proper.

5. Defendant is located and doing business in Baker and Flagler County, Florida, and is therefore within the jurisdiction of the Court.

6. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA because:

    a. Plaintiff suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the FCRA.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months

and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

10. On or around November 20, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Ms. Sparkman worked for SCM as, among other titles, Health Services Administrator, most recently at Flagler County Jail in Flagler County, Florida, from November of 2018, with Defendant's predecessor in interest, Armor Correctional Health Services, Inc., until her termination on June 9, 2020.

15. Defendant and Armor Correctional Health Services, Inc., at all times material to this Complaint, are joint employers, based on the fact that Defendant and Armor Correctional Health Services, Inc.: (a) had the power to hire and fire Plaintiff; (b) determine Plaintiff's rate and method of payment; (c) supervised and controlled Plaintiff's work schedules or conditions of employment; and/or (d) maintained Plaintiff's employment records.

16. Defendant and Armor Correctional Health Services, Inc. at all times material to this Complaint, are integrated employers, based on the fact that Defendant and Armor Correctional

Health Services, Inc. shared: (a) interrelated operations; (b) common management; (c) control of labor relations; and/or (d) common ownership.

17. On June 13, 2019, when SCM took over for Armor Correctional Health Services, Inc., under the contract, SCM Medical Director of Nursing Tyler Oswald and SCM Health Services Administrator Summer White assured Ms. Sparkman and others that SCM would definitely honor employees' start dates with Armor Correctional Health Services, Inc. for purposes of benefits including, but not limited to, vacation, leave, and sick days.

18. On April 15, 2020, Ms. Sparkman began experiencing symptoms of a disability and serious health condition, specifically migraine headaches with loss of vision and changes of vision patterns.

19. Ms. Sparkman therefore went to see her physician to seek treatment for her disability and serious health condition.

20. Also on April 15, 2020, Ms. Sparkman informed SCM's Regional Director of Nursing, Shanise Bell, and SCM's Human Resources Coordinator of her disability and serious health condition, and provided SCM a note from her physician to be out of work until April 20, 2020, in order to treat and address same.

21. Shortly thereafter, a new note was provided to SCM, also from Ms. Sparkman's physician, to extend her leave of absence until she could be cleared to return to work by a neurological specialist.

22. SCM failed to provide Ms. Sparkman FMLA paperwork, or to advise her of her rights and obligations under the FMLA, in response to her disclosure of her serious health condition.

23. During this time period, of course, the coronavirus/COVID-19 pandemic was raging, making it difficult for Ms. Sparkman to secure an appointment with a neurologist and to arrange for neurological scans such as an MRA and/or MRI, but was, nevertheless, seen by a neurologist on April 27, 2020.

24. On April 28, 2020, Ms. Sparkman duly conferred with SCM Chief Nursing Officer Jennifer Stone and SCM Chief Operating Officer Pam Ansley.

25. At that time, Ms. Sparkman updated SCM on the details of her situation while out on leave due to her disability and serious health condition.

26. Ms. Sparkman attempted to engage these individuals in a conversation about reasonable accommodation for her disability, but SCM made it clear that it was not interested in discussing accommodation at that time, such as changing her work location to one substantially closer to her home to reduce drive/travel time in accordance with her doctor's restrictions.

27. On May 22, 2020, during what should have been job-protected FMLA leave, Ms. Sparkman learned that SCM was filling plum positions and job postings yet refused to consider Ms. Sparkman for any because she was out on medical leave.

28. On June 10, 2020, Ms. Sparkman received a certified letter in the mail from SCM informing her that SCM had decided to terminate her employment, effective June 9, 2020.

29. The timing of what should have been Plaintiff's FMLA leave, her request for reasonable accommodations, and Defendant' termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

30. Defendant interfered with, and ultimately retaliated against, Ms. Sparkman because she suffered a serious health condition and because she availed herself to a period of what should have been FMLA leave in order to treat and address same.

31. Defendant' conduct constitutes intentional interference and retaliation under the FMLA.

32. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

33. Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Sparkman requiring time off to treat her serious health condition.

34. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

35. In reality, Defendant' termination of Ms. Sparkman stemmed from its discriminatory animus toward her request for accommodation under the FCRA, and her engaging in protected activity under the FMLA.

36. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the FCRA, and FMLA, were intended to prevent.

37. Any reason provided by Defendant for its actions is a pretext for discrimination.

38. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the FCRA.

39. Defendant was aware of Plaintiff's FCRA-protected disability and Plaintiff's need for reasonable accommodation.

40. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the

essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

41. Ms. Sparkman is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job.

42. By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

43. "Reasonable accommodation" under the FCRA following guidance from the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9)(B).

44. Defendant, however, being well aware of Plaintiff's condition discriminated against Plaintiff for requesting reasonable accommodation.

45. In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Ms. Sparkman based solely upon her disability.

46. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

47. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

48. Defendant did not have a good faith basis for its actions.

49. As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 21, 23 through 29, 34 through 50, above.

52. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

53. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

54. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

57. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 21, 23 through 29, 34 through 50, above.

59. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

60. Plaintiff's request for reasonable accommodation, constituted protected activity under the FCRA.

61. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

62. Plaintiff's protected activity, and her termination, are causally related.

63. Defendant' stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## INTERFERENCE UNDER THE FMLA

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 14 through 36, and 48 through 50, above.

69. At all times relevant hereto, Plaintiff was protected by the FMLA.

70. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Plaintiff of her FMLA rights and by failing to return her to her same or substantially similar position she had prior to going on what should have been FMLA leave.

71. Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

72. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

73. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

74. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## RETALIATION UNDER THE FMLA

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 14 through 36, and 48 through 50, above.

76. At all times relevant hereto, Plaintiff was protected by the FMLA.

77. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA-protected leave.

78. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

79. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

80. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

81. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 7th day of June, 2022.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com